THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

FILED
MAY 1 1 2007
U.S. DISTRICT COURT
WHEELING, WV 26003

**VICKIE LOUGHERY,**

    **Plaintiff,**

v.                                                       Civil Action No. 5:06 CV 82
                                                                         (BAILEY)

**CONSOLIDATION COAL COMPANY,**
**JAMES ADKINS, JEFF HOHN, and**
**JAMES MAGRO,**

    **Defendants.**

## MEMORANDUM ORDER GRANTING MOTION TO REMAND
## AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS
## AND MOTION TO ADD ADDITIONAL PARTIES

### I. Procedural History

On May 25, 2006, the plaintiff, Vickie Loughery, filed a complaint in the Circuit Court of Marshall County against Consolidation Coal Company, James Adkins, Jeff Hohn and James Magro, alleging gender discrimination in the defendants' failure to hire her. On July 3, 2006, the defendants removed the action to this Court, asserting that this Court had diversity jurisdiction in that defendant James Adkins was fraudulently joined. Defendants Adkins and Magro filed a motion to dismiss (Doc. 7) on July 10, 2006.

On August 2, 2006, the plaintiff filed a motion to remand (Doc. 10) on the basis that this Court lacks diversity jurisdiction in that defendant Adkins was not fraudulently joined. Subsequently, on January 11, 2007, the plaintiff filed a Motion to Add Additional Parties (Doc. 30).

This Court has now considered the motions before it and the memoranda in support

1

thereof and in opposition thereto, and has concluded that the plaintiff's motion to remand should be granted and that the remaining motion should be denied without prejudice.

## II. Applicable Law

District courts have original jurisdiction in all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Any civil action brought in the state court over which the district courts of the United States have original jurisdiction may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. Removal of the case is, however, subject to certain restrictions. Title 28, United States Code, Section 1441(b) provides that a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems., Inc.*, 29 F.3d 148, 151 (4th Cir.1994), *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. *See McGovern v. American Airlines*, 511 F.3d 653, 654 (5th Cir.1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. *Thomson v. Gaskill*, 315 U.S. 442 (1942). Removal jurisdiction must be strictly construed, and if federal jurisdiction is doubtful, a remand is

necessary. See *Mulcahey*, 29 F.3d at 151. See *Ayers v. Continental Casualty Company*, (unpublished), 2006 WL 278540 (N.D. W.Va. Feb. 2, 2006).

In this case, there is no dispute that diversity is lacking among the named parties. However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir.1993). Fraudulent joinder requires neither fraud nor joinder. Rather, it is "'a term of art' [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or *in fact* no cause of action exists." *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir.1990). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999). To show that a nondiverse defendant has been fraudulently joined:

> the removing party must establish either: "[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

*Marshall, supra*, 6 F.3d at 232, *quoting B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "The party alleging fraudulent joinder bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in

the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999), *citing Marshall* at 232-33. In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley, supra* at 424. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233. See *Lawson v. American General Assur. Co.*, 455 F.Supp.2d 526, 528-29 (S.D. W.Va. 2006).

"In reviewing the legal sufficiency of the complaint, the court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994). The court is not, however, "so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Id.* "In deciding whether fraudulent joiner has been committed, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder." *Mayes*, 198 F.3d at 464. See *Lawson v. American General Assur. Co.*, 455 F.Supp.2d 526, 529 (S.D. W.Va. 2006).

"Once the court identifies a glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir.1999). In summary, in order to successfully prove fraudulent joinder, a defendant must demonstrate that, after resolving all issues of fact and law in plaintiff's favor, the plaintiff has not alleged *any possible* claim against the co-defendant.

## III. Discussion

The defendants have failed to meet the heavy burden which the law places upon them. Viewed in a light most favorable to the plaintiff, the record shows:

1. The plaintiff filed this case asserting that Consolidation Coal Company ("Consol"), in conspiracy with or aided and abetted by the individual defendants, failed to hire the plaintiff due to her gender;

2. Defendant Adkins is a managerial employee of Consol;

3. Defendant Adkins bears the title of Supervisor of Human Resources at the Shoemaker mine, which is one of the mines at which the plaintiff applied for work;

4. Consol has publicly indicated the need to hire new miners or rehire miners laid off;

5. Plaintiff Loughery has previous experience as an underground coal miner, having previously worked at the Shoemaker Mine;

6. In its answer, Consol stated that the plaintiff filed to apply for employment;

7. In her deposition, Ms. Loughery testified that she gave an employment application to Mr. Adkins, who told her that he would forward it to the person actually doing the hiring;

8. The plaintiff further testified that she went to a Consol mine portal, spoke to Mr. Adkins and gave him an application;

9. The plaintiff testified that she again went to the portal and again spoke with Mr. Adkins, but she never heard from the person doing the hiring;

10. In its discovery responses, Consol listed Mr. Adkins as a person having knowledge of the allegations, facts concerning his discussion with Ms. Loughery, and a

review of her personnel file.

Based upon the foregoing, this Court cannot state that there is no possibility that the plaintiff cannot sustain her claim against Mr. Adkins.

### IV. Conclusion

For the reasons stated above, plaintiff's Motion to Remand (Doc. 10) is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of Marshall County, West Virginia. The Motion to Dismiss (Doc. 7) filed by defendants Magro and Adkins, as well as the Motion to Add Additional Parties filed by the plaintiff, are **DENIED** without prejudice to refiling in State court. Accordingly, this civil action is **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Clerk of the Circuit Court of Marshall County, West Virginia.

**DATED:** May __11__, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE